THE STATE *ex rel.* CASH, *Collector, Plaintiff in Error*, v. SCOTT.

1. **Back Taxes** : CORRECTION AND FILING OF DELINQUENT LIST. ' It is essential to a recovery in an action for back taxes that it appear by its order entered of record that the county court had examined and corrected the delinquent list returned by the collector, and had directed that the list as corrected should be certified and filed in the office of the county clerk.

2. ———— : ————. It is only a certified back-tax bill from a legal back-tax book, made from a corrected delinquent list certified and filed as the law requires by the order of the county court, which is *prima-facie* evidence that the amount claimed in the suit is correct.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*C. Boardman* for plaintiff in error.

( 1 ) The plaintiff's declaration of law number one should have been given. Plaintiff's evidence and the agreed statement shows that plaintiff had made out a *prima-facie* case, and defendant's defense and evidence were immaterial and constituted no defense thereto. Acts 1867, sec. 8, p. 162 ; R. S., 1879, sec. 6832 ; *State ex rel. v. Harper*, 83 Mo. 670. (2) The plaintiff's declaration of law number two should have been given : (*a*) because the certificate of the county clerk to the delinquent list was immaterial so far as the trial of this cause was concerned. (See references *supra*). (*b*) Because no form of certificate is prescribed and it seems to state all the necessary facts. R. S. sec. 6824. (3) The plaintiff's declation of law number three should have been given. The mere fact that the judgment or order of the county

court did not show any correction of the collector's delinquent list under section 6824, Revised Statutes, 1879, is immaterial as a defense in the case. It is insisted that said section does not require such order, and that even if required it is merely directory. Blackwell on Tax Titles, 305–311. (4) The plaintiff's declarations of law numbers four and five should have been given. They are to the effect that if the order or judgment of the county court receiving the collector's delinquent list and the certificate of the county clerk to the corrected delinquent list are defective they are not so much as to constitute a good defense. The declarations should have been given. Acts 1867, sec. 8, p. 162; R. S. 1879, sec. 6832; *State ex rel. v. Harper*, 83 Mo. 670.

*W. H. Brownlee* for defendant in error.

(1) To make a sufficient delinquent list the county court must examine, correct, order it to be certified and filed with the clerk. Acts 1872, p. 117, sec. 172. (2) Such provision is not directory. Blackwell on Tax Titles, 214, 307 *et seq.;* *Warrensburg ex rel. v. Miller*, 77 Mo. 56; *Howard v. Heck*, 88 Mo. 456. (3) County courts are courts of record and their proceedings are only known by their record. *Dennison v. County*, 33 Mo. 168. (4) Without a delinquent list filed as directed by law all subsequent proceedings are irregular if not void. Blackwell on Tax Titles, 214; *Warrensburg ex rel. v. Miller*, 77 Mo. 56; · *Ewart v. Davis*, 76 Mo. 129; *Howard v. Heck*, 88 Mo. 456. (5) The specific ground of objection to the evidence not being stated in the agreed case nor the record it will not be considered. *Baier v. Berberich*, 13 Mo. App. 587; *Keim v. Railroad*, 90 Mo. 318.

BRACE, J.—The single question presented for discussion in this case is, whether, in an action on a back-tax bill for delinquent taxes for the year 1876, a recovery

can be defeated, it appearing that there was no order entered of record by the county court showing that the delinquent list returned by the collector for that year was examined and corrected by the court, and no order directing that the list as corrected be certified and filed in the office of the county clerk as required by section 172 of the revenue law of 1872. Sess. Acts, p. 117.

The delinquent list, which is the foundation of the cause of action for back taxes, is not the delinquent list returned by the collector, but that list after it has been examined and compared by the county court and the errors therein, if any, corrected by the best means in their power. This corrected list they are to cause to be certified and filed in the office of the clerk. It then becomes the foundation for all subsequent proceedings by suit, for the collection of taxes therein certified to be delinquent. The back-tax book is made from it, from which the back-tax bill is copied and certified by the collector, on which suit is brought, and which is *prima-facie* evidence of the existence and correctness of such corrected list. This *prima-facie* case may be over-thrown by showing that such a corrected list as the law requires never had legal existence.

The court that alone could give it existence is a court of record, and its act can be shown by the record only. The record of that court in this case failed to show that it examined and corrected the delinquent list returned by the collector, or that they made or caused to be cer-tified and filed in the office of the clerk a corrected delinquent list. In other words, the records of the county court failed to show that such a corrected delin-quent list had ever been made or ever had an existence. The order made by the court approving the collector's settlement and the certificate of the clerk to the delin-quent list, if they tended to show anything on the subject, tended to show, not that the court examined the list returned by the collector, corrected it, and ordered

it as corrected to be certified and filed, but that the only list that ever was in existence was the one returned by the collector, which uncorrected and without any order of the court, the clerk of his own volition certified to be a correct list as returned by the collector. There is nothing to show that the court ever took any action upon the list such as was their duty to take under the section cited.

The circuit court held that the *prima-facie* case made by the back-tax bill was rebutted by the record evidence showing that there was in this case no legal delinquent list on which it could rest, and in this we think committed no error. It is only a certified back-tax bill, from a legal back-tax book, made from a corrected delinquent list, certified and filed as the law requires by order of the county court, that is "*prima-facie* evidence that the amount claimed in said suit is just and correct." R. S. 1879, secs. 6837, 6826, 6824.

The judgment is affirmed. All concur, except RAY, J., absent.