THE STATE *ex rel.* MILLER, *Collector, Appellant,* v. HUTCHINSON, *et al.*

Division One, June 5, 1893.

1. **Delinquent Taxes**: TAX BILL: PRIMA FACIE CASE. The fact that it appears in an action by the state to enforce its lien for delinquent taxes, that the county court failed to correct errors in the delinquent tax list and to certify it as corrected to the county clerk, only overcomes the *prima facie* case made by the state in offering in evidence the tax bill.

2. ———: ———. Where the state in such case proceeds further and introduces evidence to show that the property was duly assessed and and that the taxes were duly levied and extended on the tax books and remain unpaid, it is error for the trial court to render its finding for the defendant.

*Appeal from Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*O. M. Townsend* for appellant.

(1)   Any failure to properly return the delinquent list shall in no way affect the lien of the state on delinquent real estate for the taxes unpaid thereon. Revised Statutes, 1889, sec. 7670; *State ex rel. v. Schooley*, 84 Mo. 454.   Nor does it affect the rights of the state to enforce its lien.   *State ex rel. v. Schooley*, 84 Mo. 454. Taxes once a lien on property continue a lien until paid and the return of the delinquent list in no manner impairs the lien.   *Mesker v. Kock*, 76 Ind. 68; Desty on Taxation, p. 732; *State ex rel. v. Harper*, 83 Mo. 670.   The existence of a delinquent list is not essential to the rights of action for taxes that ought to have been returned delinquent.   Desty on Taxation, p. 707, 713; *State v. Mining Co.*, 15 Nev. 387; *State v. Tel. Co.*, 4 Nev. 338; *State v. Railroad*, 10 Nev. 78.   (2)   The only thing necessary to make the suit available is that the original assessment and levy of the taxes was legal. *State ex rel. v. Harper*, 83 Mo. 670.   (3)   If the legal lien exists and the plaintiff made the necessary proof to satisfy the court that the tax is due and unpaid, it would seem that the plaintiff ought to recover.   *State ex rel. Watson v. Harper*, 83 Mo. 670. (4) The tax bill contemplated by Revised Statutes, 1889, sec. 7682, is no part of the petition, nor is it the foundation of the action.   It is simply a matter of evidence created to avoid the necessity of introducing all the tax books and papers. *Vaughan v. Daniels*, 98 Mo. 234; *State ex rel. v. Rau*, 93 Mo. 126.

BLACK, P., J.—This was an action brought by the collector of Polk county to enforce the state's lien for

back taxes. The case was submitted to the circuit court on the following agreed evidence:

"(1) Plaintiff introduces tax bills showing taxes for the years 1878, 1879, 1880, 1882, 1883 and 1884, upon the lands in this suit described, amounting to $16.80, which tax bills are in regular form.

"(2) It is shown by the defendants that there were no orders entered of record by the county court at the time the delinquent lists were returned by the collector, showing that said delinquent lists for either of the years 1878, 1879, 1880, 1882, 1883 and 1884, were examined and corrected by the court, and no order directing that the lists for either of said years as corrected be certified and filed in the office of the county clerk as required by section 172, Revenue Law of 1872; Revised Statutes, 1889, sec. 7669.

"(3) The plaintiff introduces the assessment books and tax books for the several years for which taxes are claimed in tax bills, also orders of the county court levying the taxes for the said years, and all the books and papers connected therewith, which show that the several assessments, levies and extension of taxes for the said years were regular, also show that the taxes sued for were not marked paid in said current tax-books.

"Plaintiff also introduces the delinquent lists returned by the collector for said years, which show that said taxes were returned delinquent.

"Plaintiff also introduces the back tax books up to and including the one from which the aforesaid tax bills were made, and said back tax books show the taxes sued for."

According to the agreed case, the county court failed to comply with that provision of the revenue laws (now section 7669, Revised Statutes, 1889) which makes it the duty of that court to correct certain errors,

if any, in the delinquent list returned by the collector, and to cause the corrected list to be certified. The circuit court gave judgment for defendant, because the county court failed to perform these duties.

There is certainly nothing in the case of *State ex rel. v. Scott*, 96 Mo. 72, to justify such a ruling. That case holds, and correctly holds that the *prima facie* case made by the plaintiff by simply offering in evidence the tax bill, is overcome by proof that the tax bill has for its foundation an uncorrected and uncertified delinquent list. The plaintiff in that case stood upon the tax bill. The *prima facie* case made by it having been overcome, the plaintiff was bound to produce other evidence or fail.

In the case in hand, the plaintiff did produce other evidence; for the agreed case shows that the property was duly assessed, the taxes duly levied and extended on the tax books, and that the taxes remained unpaid. On this evidence the judgment should have been for the plaintiff. *State ex rel. v. Hurt*, 113 Mo. 90.

The law (Revised Statutes, 1889, sec. 7682) makes a tax bill evidence to avoid the necessity of producing in court the assessment roll and tax books but the suit is not founded on it. It is simply evidence of the facts stated in the petition. If the tax bill is rejected as evidence, or the *prima facie* case made by it overcome, the plaintiff may still make out a case by producing in evidence the tax books. Indeed, they are the primary and best evidence. *State ex rel. v. Rau*, 93 Mo. 126; *Vaughan v. Daniels*, 98 Mo. 230. The judgment is reversed and the cause remanded. All concur. MACFARLANE, J., in the result.