THE STATE *ex rel.* STOTTS V. FARMERS & MERCHANTS'
NATIONAL BANK, *Appellant*.

Division Two, May 31, 1898.

1. **Tax Suits**: TAX BILL: OTHER EVIDENCE.   A suit for taxes is not founded on the bill for taxes.  The law makes such bill *prima facie* evidence; but if that bill is destroyed as evidence by the fact that the copies of the assessor's book furnished to the collector were not under the seal of the county court, the State may nevertheless make out its case by showing that the taxes were properly assessed and levied and have not been paid.

2. ————: EXCESSIVE JUDGMENT: WAIVER.   Unless there is a motion in arrest or unless the motion for a new trial raises the point that the State obtained judgment for a greater amount than the taxes due, such point will not be considered on appeal.

*Appeal from Mississippi Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*Russell & Deal* for appellant.

(1)  The defendant showed that the collector's tax books for all the years named were not authenticated as required by law.  R. S. 1889, sec. 7576.  The failure of the county clerk to so certify the assessor's book renders it of no official validity and has the further effect to make the collector's report of delinquent list to the county court unauthorized and invalid, and the county court is without jurisdiction and powerless to act.  *Howard v. Heck,* 88 Mo. 456; *Railroad v. Apperson,* 97 Mo. 300; *Bagley v. Sligo Fur Co.,* 120 Mo. 248.  (2)  The plaintiff seemed to concede that his *prima facie* case was by the defendant's testimony overturned but contended he could still make

his case by other proof. This we then, and still deny, but even if the defects mentioned can be supplied and cured by proof, still the plaintiff wholly failed to make out a case by his testimony. He did not show that there were ever any assessment lists made by any one for these lands for any of the years for which suit was brought. This is the first and most vital step, and in fact an indispensible jurisdictional prerequisite to a valid tax. R. S. 1889, sec. 7531. If the owner fails to make a tax list the assessor must do so. R. S. 1889, sec. 7532; *State v. Spencer*, 114 Mo. 574. (3) It plainly appears by the testimony in this case that the plaintiff sued and got judgment for more than the taxes due upon the land sued on. The total taxes for State and county for the year 1891 on the ten acres could have been but eight cents, but plaintiff sued for and recovered judgment for thirty-two cents not including inter-terest, penalties and fees.

*Boone & Lee* for respondent.

(1) The point that the tax books for the years named were not certified to by the clerk as copies of the assessor's books is not well taken, as was decided by this court in *State ex rel. v. Hurt*, 113 Mo. 96; *State ex rel v. Bank*, 120 Mo. 161; *State ex rel. v. Hutchinson*, 116 Mo. 400; *Taft v. McCullock*, 135 Mo. 588, and *State ex rel. v. Phillips*, 137 Mo. 263. If the property was duly assessed and taxes extended on the tax book the plaintiff should recover, notwithstanding any in-formality in the certificate. *State v. Hutchinson, supra; Taft v. McCullock, supra*. No informality in the as-sessment or tax lists will invalidate the taxes. R. S. 1889, sec. 7563. (3) Appellant contends that we got judgment for more than the taxes due upon the land sued on. But appellant can not complain of this error

at this time.   He should have objected to the introduction of the tax bill, but he made no objection at the time it was offered, nor did he call the attention of the court to this alleged error in his motion for a new trial; had he done so the trial court would have readily corrected the error and entered up judgment for the correct amount.   *Brady v. Connelly*, 52 Mo. 20; *Vinyard v. Matney*, 68 Mo. 105; *Weese v. Brown*, 102 Mo. 304.

BURGESS, J.—This is an action by the collector of Mississippi county to recover back taxes on ten acres of land for the years 1891, 1892 and 1893.   The petition is in the usual form, and conceded by defendant to be sufficient.   The land described in the petition is as follows:   The southeast quarter of the southeast quarter and the south half of the southwest quarter of the southeast quarter of section twenty-nine; the west half of the south half of the southwest quarter of section twenty-eight; the east half of the northeast quarter of the northeast quarter of section thirty-two.; the west half of the west half of the north half of the northwest quarter of section thirty-three, in township twenty-four, range seventeen.   The taxes sued for amount in the aggregate to $9.18 with interest, penalties, fees and costs.   There was judgment in favor of plaintiff from which defendant appealed.

Plaintiff read in evidence a tax bill against Condor and Beckwith as owners, duly certified by the collector, which described the land as follows:  "Sixty acres, part of south half of southeast quarter, being the southeast quarter of southeast and south half of southwest of southeast quarter, section 29, township 24, range 17. Year 1892, state tax, $0.85; county tax, $1.70.   Sixty acres, south half of southwest quarter of southeast quarter, and southeast quarter of southeast quarter of section 29, township 24, range 17.   State tax 1893, $0.50;

county tax, $1.00.   Forty acres, northeast quarter of northeast quarter of section 32, township 24, range 17. State  tax  1893, $0.40;  county  tax,  $0.80.   Fourteen acres, north side,  part of west half of northwest quarter of northwest quarter of section 33, township 24, range 17.    State tax 1892, $0.19; county tax, $0.38.   Twenty acres, south half of the southwest quarter of the south-west  quarter  of  section  28,  township  24,  range  17. State tax 1892, $0.05; county tax, $0.12.   Eighty acres, west half of southwest quarter of section 28, township 24, range 17.   State tax 1893, $0.10; county tax, $0.20. Forty acres,  part  of  southwest quarter of  section 28, township 24, range 17.    State tax 1891, $0.12; county tax $0.20.''

It was admitted by the defendant that the taxes sued for had never been paid.   Defendant then showed that there was no certificate or seal of the county clerk in  any of the collector's tax books for the years of 1891, 1892 and 1893 showing  them to be copies of the assessor's books.    Plaintiff then offered in evidence in rebuttal  the assessor's books, which showed that the same lands sued on were  assessed for the years 1891, 1892 and 1893; the delinquent lists returned by the collector for the same years, showing that the lands sued on were delinquent for the years claimed; the records of the county court showing that the delinquent lists were examined and approved; the record of the county court fixing the rate of levy for the years claimed in the petition; the tax books showing that the lands in question were placed therein, and the taxes extended, and the back tax books certified to the collector.    The tax books showed that part of the taxes on the southwest quarter of the southwest quarter of section twenty-eight, and the west half of the northeast quarter of section thirty-two had been paid, leaving the taxes due on the lands sued on unpaid.

While it is conceded by defendant that plaintiff made a *prima facie* case by introducing in evidence the tax bill so far as the same contained a sufficient description of the land described in the petition, yet as the suit is for the taxes against ten acres of land in section twenty-eight, and the tax bill is against forty acres for the year 1891, twenty acres for 1892, and eighty acres for 1893, that the description of the forty acre tract for 1891 is indefinite in that it simply describes the land as "40 acres pt. of southwest, 28-24, 17," and does not show that it covers the ten acres, upon which the taxes sued for are delinquent. The tax bill is not before this court, beside from the view we take of this case, it is of no importance, and will be entirely disregarded.

The copies of the assessor's book furnished to the collector for the years of 1891, 1892 and 1893, were not authenticated by the seal of the court as required by section 7576, Revised Statutes of 1889, and it is contended by defendant that by reason of the failure of the county clerk to certify to the correctness of these books, and to authenticate them by the seal of the court, they were of no validity, that the collector had no authority to act thereunder and that his reports of the delinquent lists to the county court were unauthorized and invalid, and the court without jurisdiction or power to act.

In *Howard v. Heck*, 88 Mo. 456, and in *Railroad v. Apperson*, 97 Mo. 300, it was held that the failure of the county clerk to sign and seal the assessor's book as required by section 7576, renders it of no validity, and that such failure has the effect to make the collector's report of the delinquent list to the county court unauthorized and invalid; and that the county court in such case is without jurisdiction and without authority to act, but those cases do not hold that the State may not make out its case regardless of the tax bill, by showing

Vol. 144 mo—25

that the taxes were properly levied, assessed, and have not been paid, etc. Thus in *Taft v. McCullock*, 135 Mo. 588, it was ruled, that the fact that the copy of the assessor's book furnished to the collector by the clerk of the county court under the revenue laws of 1872 (2 Wag. Stat., ch. 118, sec. 65; R. S. 1889, sec. 7576) was not authenticated by the seal of the county court, does not effect the validity of the taxes. In the *State ex rel. Miller v. Hutchinson*, 116 Mo. 399, the court said: "The law (R. S. 1889, sec. 7682) makes a tax bill evidence to avoid the necessity of producing in court the assessment roll and tax books but the suit is not founded on it. It is simply evidence of the facts stated in the petition. If the tax bill is rejected as evidence, or the *prima facie* case made by it overcome, the plaintiff may still make out a case by producing in evidence the tax books."

At most the fact that the copy of the assessor's book furnished by the county court clerk to the collector was not properly authenticated, only overcame the *prima facie* case made out by the State on the introduction in evidence of the tax bill, but when the State proceeded further, and showed that the property was duly assessed and that the taxes were duly levied and extended on the tax books, and remained unpaid, it was entitled to judgment. *State ex rel. Miller v. Hutchinson, supra.*

A final contention is that plaintiff sued for and got judgment for a greater amount than the taxes due upon the land, but no such question is raised in the motion for a new trial, and no motion in arrest was filed. As was said in *Alexander v. Relfe*, 74 Mo. 495, "even if the damages adjudged by the circuit court were excessive, no such point was made in the motion for new trial; no opportunity was given that court to correct the

erroneous excess, if any there was, and it is too late to raise the point in this court for the first time."

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.