SITTEL VS WRIGHT ET AL.


Opinion delivered October 5, 1901.


*1.  Statute of Limitations—Recovery of Realty.*

> In the Indian Territory, no suit to recover real property where
> the plaintiff does not claim title to the lands, can be brought
> or maintained when the plaintiff has been five years out of
> possession, under Mansf. Dig. § 4476 (Ind. Ter. Stat. § 2943).
> One having leased certain property and then terminated said
> lease by written notice to the tenant, not having been in pos-
> session since the execution of the lease, must bring his action
> to recover such property within five years from the date of his
> termination of the lease.

Appeal from the United States court for the Central
district.   W. H. H. Clayton, Judge.

Action by Ed. D. Sittel against Allen Wright and an-
other.   Judgment in favor of defendants.   Plaintiff appeals.
Affirmed.

The plaintiff below (appellant here) on the 22nd day
of April, 1898, brought his suit against defendants, Allen
Wright and O. D. Argo, appellees here, alleging he was the
owner and entitled to the possession of one residence lot
and the improvements thereon in the town of South Mc-
Alester, Ind. T.   Defendants demurred to plaintiff's com-
plaint, and same was sustained as to the second paragraph
of the complaint.   Defendants then filed answer, and,
among other defenses, deraigned title through Fritz Sittle
and Melvina Sittel, who, they alleged, "under the laws,
usages, and customs of the Choctaw Nation, settled upon
the premises in controversy, and segregated the same from
the public domain."   Plaintiff filed reply, alleging the title

to Fritz and Melvina Sittel had been adjudicated in the Indian courts, and pleaded said judgment in bar to the title set forth by defendants. Defendants filed demurrer to this reply, which was sustained, and, with the issues thus made up, parties went to trial before a jury, and at close of plaintiff's testimony, on motion of defendants, the court instructed the jury to return a verdict for defendants. Whereupon the jury returned the following verdict: "We, the jury, duly impaneled and sworn in this cause, find the issues in favor of the defendants. John Baumert, Foreman." Plaintiff filed motion for new trial, which was overruled, and plaintiff appealed to this court.

*Samuel A. Wilkinson*, for appellant.  *Stuart & Gordon*, for appellees.

TOWNSEND, C. J. The appellant has filed three specifications of error, as follows: "The court below erred: First, in sustaining the demurrer of defendants to the second paragraph of plaintiff's complaint; second, in sustaining the demurrer of defendants to the replication filed by plaintiff; third, in sustaining the motion of defendants for a peremptory instruction, and in instructing the jury to return a verdict in favor of defendants."

We will examine the third specification of error, as it is evident, if the court was correct in instructing the jury to return a verdict for the defendants on the ground that the statute of limitations barred the action of plaintiff, it will be wholly unnecessary to go any further. The answer of defendants alleges "that plaintiff should not have and maintain this suit, for they say that plaintiff has been out of the possession of said premises for more than five years next preceding the institution of this suit; that defendants and those under whom they claim have had and held actual, exclusive, continuous, and adverse possession of said premises, asserting exclusive right to hold and occupy said premises

to the exclusion of all other persons, for more than eight years next preceding the filing of plaintiff's suit." The statute of limitations in force in this jurisdiction in this class of actions has already been passed upon by this court in the case of Myers vs. Mathis, 2 Ind. Ter. Rep. 3 (46 S. W. 148) as follows: "This court will take judicial cognizance of the fact that the title to the lands in the Chickasaw Nation is in that nation, and not in the individual citizens thereof, and, although the plaintiffs in this case assert in their petition that they were seized of their premises, yet this court must construe the language as applicable to the conditions which exist in that nation. The court below could not have adjudged the title to the premises to be in the appellant. It could only have adjudged the right of occupancy to be· in them. Hence the appellants are not claiming the title to the lands in question, but only claiming right of occupancy in them, which one Indian may have of a part of the public domain of the nation. Having been out of possession for more than five years next preceding the institution of suit, they could not maintain an action for the possession of the right of occupancy of the premises in question. *  *  * The title to the property in question being in the Chickasaw Nation, that nation could alone maintain a suit for its possession." The statute is as follows: "No action for the recovery of real property, when the plaintiff does not claim title to the lands, shall be brought or maintained when the plaintiff, or his testator or interstate, has been five years out of possession." Section 4476, Mansf. Dig. (section 2943, Ind. Ter. Ann. St. 1899). Had the plaintiff been five years out of possession? The plaintiff claims to have leased to one E. D. Chadick, who was manager for the Choctaw Coal & Railway Company, and it is shown by the record that, soon after the lease contract was made, said company went into the hands of receivers; that the receivers took charge of the property, and the same was occupied by their employees for a considerable time; that J. D. Bradford was the

manager of the railway company under the receivers, and on February 23, 1892, the plaintiff made the following demand for possession: "South McAlester, I. T., February 23, 1892. J. D. Bradford, Esq.: On or about the 15th day of February, 18—, I rented to the Choctaw Coal & Railway Company a house and stable and crib, for which I was to get two hundred dollars per year. I have never received one cent of rent, and have not had the buildings returned to me. I now demand the rent, which amounts to six hundred dollars, and I also demand possession of my buildings. Yours, etc., Ed. Sittel." If there was a lease, and Bradford was in possession, and his possession was the constructive possession of plaintiff through his lease, to Chadick, all of which defendants deny, still this demand terminated the lease. In 12 Am. & Eng. Enc. Law (1st Ed.) 757, it is said: "The commonest method of terminating the tenancy is by notice to quit, given in the manner usually provided by statute, and for default made in the payment of rent or some other covenant of the lease."

The plaintiff should have instituted his suit within the statutory period of five years from said 23d day of February, 1892. He did not do this, and the court below held his action was barred, and instructed the jury to return a verdict for defendant. We are of the opinion that the court below was right, and the judgment is therefore affirmed.

GILL and RAYMOND, JJ., concur.